BURNHAM, The GEORGE. See Case No. 5,331.

BURNITE, The MARTHA C. See Case No. 9,147.

---

## Case No. 2,181.

**BURNLEY et al. v. JEFFERSONVILLE et al.**

[3 McLean, 336.] [1]

Circuit Court, D. Indiana. May Term, 1844.

PLEADING IN EQUITY—DEMURRER TO BILL ALLEGING FRAUD—NECESSITY OF ANSWER.

1. A demurrer to a bill, which contains allegations of fraud, and strong circumstances of equity, must be overruled.

2. In such a case, the defendants must answer to the fraud.

[In equity. Bill to set aside alleged fraudulent conveyances, for reconveyance, and for an accounting. Defendants demurred to the bill, and the demurrer was overruled.]

Mr. Morrison, for complainants.
Mr. Stevens, for defendants.

OPINION OF THE COURT. The bill alleges that Isaac Bowman, a citizen of Virginia, was seised of five hundred acres of land in Clark county, Indiana, on a part of which the town of Jeffersonville was laid off. That in March, 1802, by a letter of attorney under his seal, he appointed John Gwathmey, now deceased, to lay off the town on one hundred and fifty acres, part of the above tract. The town to be laid off as the attorney should deem proper, and he was authorised to vest all the right, title, and interest, which Bowman had in the one hundred and fifty acres, in certain discreet and proper persons as trustees of said town; and he was authorised to sell the lots in said town at whatever credit he might think proper. He was authorised to convey two acres for the public square of the town, to the trustees, or any other persons he might think proper, but only for the use of the town; and he was generally authorised to do every thing necessary to carry into effect the above powers. The bill alleges that Gwathmey laid off the town, on the terms stated on the plan exhibited; and that he conveyed the land on which the town was laid off to certain individuals, with power to sell the lots and lands in the town, which were to be sold, and to pay over the proceeds of such sales to Bowman, his heirs or assigns. And the bill charges, that the said trustees and their successors in office made sales of many of the lots, but they have rendered no account or paid over any moneys received. On the eastern side of the town an oblong piece of ground was laid off, which has not been sold and accounted for by the trustees. Also, lots numbered 193, 194, 195, and 196, containing fifteen or twenty acres, have not been sold and accounted for.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

That the said trustees. or their successors in office, in violation of the power under which they acted on the 17th of May, 1813, for the nominal consideration of two dollars, conveyed to Johnston, of the above lots, 193 and 195. That these lots were taken by the said Johnston with full notice that the person making the conveyance had no power to convey on the terms stated, and that the same was fraudulent.

The bill also states, that the trustees, in violation of their powers, conveyed to William Goodwin, without consideration, lot 194, and that said conveyance was fraudulent and void. That lot 196 has never been conveyed by the trustees comfortably to their powers. That in the year 1819, on the application of the trustees, the plan of the town, under an act of the legislature of Indiana, was altered, without the assent of Bowman, his heirs or assigns. And the complainants insist, that the public grounds and streets designated in the first plan being abandoned, the same reverted to Bowman and his heirs. That under the change a great number of new lots were laid off and sold, and the proceeds applied to the use of the town. That various persons set up claims to the lots above designated, all of whom had notice of the claims of Bowman, his heirs and assigns. The bill states the death of Bowman, the devise by him of the land aforesaid, and the purchase by Burnley of the interest of the devisees. And the bill prays that the deeds for the lots named may be declared to be void, and that the defendants be decreed to convey the lots to Burnley. assignee, as aforesaid. That the mayor and council may be decreed to account for the purchase money of the strip of land on the eastern boundary of the town; and also that they account for all sales of lots under the old plan of the town, as well as the new, which have been sold without authority; and that they convey all lots, under the new plan of the town, which have not been sold.

The defendants have filed a general demurrer, which raises the question, whether there is any equity stated in the bill, which entitles the complainants to relief. The allegations of the bill, by the demurrer. are admitted to be true. It is admitted that the four lots, from 193 to 196, inclusive, were fraudulently conveyed by the trustees and without consideration; and that the grantees had notice of Bowman's claim. It is also admitted that many lots have been sold under the new plan of the town, as well as under the old, and that the proceeds have never been paid to Bowman in his lifetime. or to his devisees since his death; and also that there are lots unsold, which the claimants pray may be decreed to be conveyed to them. The death of Bowman, his devise to his children, and the purchase of Burnley, are also admitted. Now, under this aspect of the case, it is difficult to say that the bill is without equity. No circumstance—such as lapse of time, the statute of limitations, or any other ground of defence—can be taken into consideration on demurrer. In this view, then, it is not perceived on what ground the demurrer can be sustained. The allegations of fraud must be answered. The demurrer is, therefore, overruled, and the defendants are required to answer the bill.